original

(INND Rev. 1/21)                                                                                              page 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

-FILED-

[This form is for non-prisoners to file a civil complaint. NEATLY print in ink (or type) your answers.]

JUN 1 4 2023

At_____M
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

__David William Nail__,
[You are the PLAINTIFF, print your full name on this line.]

v.

__Scott Lee Tarlton__,
[The DEFENDANT is who you are suing. Put ONE name on this line. List ALL defendants below, including this one.]

Case Number  __1 : 23 C V 2 4 7__
[For a new case in this court, leave blank. The court will assign a case number.]

[The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is VERY IMPORTANT that you include it on everything you send to the court for this case. DO NOT send more than one copy of anything to the court.]

## CIVIL COMPLAINT

| # | Defendant's Name and Job Title | Address |
|---|---|---|
| 1 | [Put the defendant named in the caption in this box.] Scott Lee tarlton | 303 South main street Bluffton, IN 46714 |
| 2 | [Put the names of any other defendants in these boxes.] Brent Parson | 303 S. Main street Bluffton, IN 46714 |
| 3 | | |

[If you are suing more defendants, attach an additional page. Number each defendant. Put the name, job title, and address of each defendant in a separate box as shown here.]

1. How many defendants are you suing? __2__
2. What is your address? __709 Lancaster Street Bluffton, Indiana, 46714__
3. What is your telephone number: (__260__) __237-3322__
4. Have you ever sued anyone for these exact same claims?
   - ~~No.~~ ⊘
   - ◯ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]

## CLAIMS and FACTS

DO: Write a short and plain statement telling what each defendant did wrong.
DO: Use simple English words and sentences.
  **DO NOT**: Quote from cases or statutes, use legal terms, or make legal arguments.
DO: Explain when, where, why, and how these events happened.
DO: Include every fact necessary to explain your case and describe your injuries or damages.
DO: Number any documents you attach and refer to them by number in your complaint.
  **DO NOT**: Include the names of minors, social security numbers, or dates of birth.
DO: Use each defendant's name every time you refer to that defendant.
DO: Number your paragraphs. [*The first paragraph has been numbered for you.*]

1. Please see attached Complaint and background.

_D. O'Neil_
_pro se_

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

Claims and Facts (continued)

_____
_____
_____
_____
_____
_____

PRIOR LAWSUITS – Have you ever sued anyone for this exact same event?

☑ No.

◯ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

RELIEF – If you win this case, what do you want the court to order the defendant to do?

The relief Requested is in the attached Complaint and background which is attached.

_____
_____

FILING FEE – Are you paying the filing fee?

◯ Yes, I am paying the $402.00 filing fee. I understand that I am responsible to notify the defendant about this case as required by Federal Rule of Civil Procedure 4. [*If you want the clerk to sign and seal a summons, you need to prepare the summons and submit it to the clerk.*]

☑ No, I am filing a Motion to Proceed In Forma Pauperis and asking the court to notify the defendant about this case.

[*Initial Each Statement*]

_DWM_ I will keep a copy of this complaint for my records.
_DWM_ I will promptly notify the court of any change of address.
_DWM_ I declare **under penalty of perjury** that the statements in this complaint are true.

_____          May 29-2023
Signature                                                           Date

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

# UNTIED STATES DISTRICT COURT

## COMPLAINT AND BACKGROUND

Plaintiff David W. Nail has a B.A. in Psychology and M.A. in Psychology/Human Services and states to the best of his knowledge and information that he has received and believes to be true under penalty of perjury pursuant to 28 U.S.C. § 1746 the following;

Federal law requires certain hospitals receiving federal Medicare funds to offer treatment to individuals presenting with medical emergencies. Under the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd, individuals must be provided "stabilizing treatment" when they seek treatment at a covered hospital for an "emergency medical condition." Bluffton Indiana Regional Medical Center is one such hospital receiving federal Medicare funds to offer treatment to individuals presenting with medical emergencies.

The plaintiff names defendant Chief Executive Officer (CEO) Brent Parson as the responsible party of Bluffton Indiana Regional Medical Center's administrative assistant's in this suit for damages in their intentional discrimination by violation of the plaintiff's U.S. Constitutional rights and protections transpired in violation of the EMTALA when defendant Dr. Scott Lee Tarlton (herein known as Dr. Tarlton) of the same named medical facility did not provide the required stabilizing and life saving treatment for the plaintiff/patient within an emergency medical room condition (EMRC) when presented on 5/22/2023; nor did Dr. Tarlton or these administrative assistant's suggest or provide for the plaintiff/patient to receive treatment at another facility. Whereas defendant Brent Parson did not train or instruct his administrative assistant's in the proper handling of this plaintiff/patient in regards to the articles and rules of

1

EMTALA in response to Dr. Tarlton's acts of lack of towards this plaintiff on 5/22/2023 in the ER.

Dr. Tarlton refused to stabilize the plaintiff/patient when it was within his capability and tried to discharge the plaintiff/patient without treatment by the following acts of malpractice and ordinary negligence against this plaintiff, which caused mental and physical harm. Which are acts and or lack of by Dr. Tarlton that have caused continued pain and suffering and physical and mental harm to this plaintiff through his inability to be cognizant to his medical acts and decisions that have a life and death determining effects on this plaintiff and potentially others if he is left allowed to continue to practice medicine without immediate psychological intervention for this plaintiff, Dr. Tarlton and the general public's well being. Which are some of the predicating foundations of this complaint in suit for damages against the named parties and combined petition for a mental evaluation of Dr. Tarlton as to harm to self of Dr. Tarlton and or others including this plaintiff; Pursuant to IND. CODE ANN., § 12-26-7-2(b) and § 12-26-6-2(b.

Plaintiff went to the Bluffton Indiana emergency department (ED) at around 9:30 am on the date of 5/22/2023. Plaintiff went to the Bluffton ED due to the fact that he had broke out in a life threatening rash that makes the skin peel off and feels like burning fire that in the past has sent him into anaphylaxis shock, which is a life threatening condition which he has been hospitalized for. A condition that Dr. Tarlton is well aware of from past trips to the ED. When Dr. Tarlton entered the ED he stated without any assessment that he would not provide prednisone for the present outbreak while knowing it is the only drug therapy that has ever worked yet he refused to provide said treatment.

provide treatment. It was at this time that Dr. Tarlton stated that he had said back in June of 2022, and for no just medical cause, that he would no longer provide prednisone to treat my condition if I ever returned to the ER. Which was a statement by Dr. Tarlton at that time was kind of odd and out of context to my condition being chronic and of unknown etiology that he would not provide a life-saving drug therapy if I ever had to return to the ER. While in converse and now taken in context 11 months later I realize that Dr Tarlton was displaying signs of mental incompetency and degradation last June of 2022 when he made that statement. However this kind of behavior was not out of the ordinary as I have had other doctors at the Bluffton Indiana Regional Medical Center yell at me as if it was my fault that my body had uncontrollable allergic reactions even while on dupixent/dupilumab. Which are behaviors that I have complained about with these doctors in the courtesy calls I have taken from the hospital as the hospital has had a past history of doctors that have presented abnormal and abusive behaviors towards this plaintiff (and others when I was present) and the Bluffton Indiana hospital administrative staff are well aware of this through these courtesy calls. I've come to the conclusion that Bluffton Indiana hospital emergency room doctors just don't like to treat old people with chronic conditions as these discriminatory behaviors of these emergency room doctors has occurred on more than one occasion and the hospital administrative staff knows these facts from the courtesy calls I have taken and have made no effort to correct them. Therefore a pattern of abuse has been going on at the Bluffton Indiana Regional Medical Center for quite some time now.

It has been approximately a year this June 2023 from the last time I have taken any prednisone, which establishes that there is slim to no chance that a single treatment of

3

prednisone would harm the plaintiff until he got back to the dermatologist, which is set for 5/25/2023 at 11:20am in Decatur Indiana. Whereas the denial of medical treatment could have caused my death or permanent disability if continued untreated in the time that it would take for me to go some place else for treatment. Which Dr Tarlton knew when he denied treatment. A denial of "stabilizing treatment" by Dr Tarlton that could have taken my life from the time I left Bluffton Indiana Regional Medical Center to the time it took for me to be self transported and go 30 miles away to the Decatur Indiana hospital ER.

The plaintiff has been on dupixent/dupilumab for over two years and this drug has kept the skin rashes and outbreaks under control for the most part; which Dr Tarlton is also aware of, however the plaintiff still breaks out such as in this current case of 5/22/2023, which resulted in a trip to the Bluffton Indiana hospital ER. While also stating for the record that Dr. Tarlton as any general medical practitioner would or should know through training that allergic reactions are not scripted and constitute an emergency when they occur; such as in this current situation when the skin was peeling off of my body. Dr Tarlton without explaining or providing a verifiable articulable justifiable medical reason as to why such a life saving drug therapy treatment of prednisone would be withheld refused to provide the required "stabilizing treatment" to this plaintiff/patient. The plaintiff/patient then went to the hospital administrative staff and explained the situation to have them over rule Dr. Tarlton or provide another reasonable doctor who is competent and was again refused medical treatment as they supported Dr. Tarlton's medically illogical and unjust decision to not treat this plaintiff/petitioner and then tried to deceive this plaintiff/petitioner into signing a discharge form stating he was

4

medically treated when he was not, without offering to send this plaintiff/patient to another ER. Whereas the Hospital Administrative staff knew or should have known that Dr Tarlton's illogical unjust medical decision to not treat this plaintiff was in violation of EMTALA and would intentionally continue the pain and suffering of this plaintiff/petitioner with the possibility of sudden death from anaphylaxis shock and was trying to get this plaintiff/petitioner to sign that release form to protect them from Dr. Tarlton and their acts of refusal to provide "stabilizing treatment" or transport. Acts by both Dr Tarlton and the Bluffton Hospital Administrative staff in their failure to recognize that Dr Tarlton's behavior was not operating within the boundaries of a competent medical doctor was and is beyond that of any competent medical facility for treatment of such a serious condition that can and has resulted in death to others and possibly this plaintiff if left untreated.

    The acts or lack thereof of Bluffton Hospital Administrative staff to take action and control of this situation with Dr. Tarlton by simply getting another doctor who is competent to prescribe the prednisone or send the plaintiff/patient to another ER requires that defendant Brent Parson be held as the accountable party in this case as it was the Bluffton Hospital Administrative staffs job to protect its patients from unsound medical decisions of their staff doctors by the rules set forth in the EMTALA; of which Brent Parson is responsible to train these Administrative staff assistant's in. As defendant Dr. Tarlton acts or lack thereof objectively illustrate that he is not operating with a mentally healthy state of mind where he can provide sound medical services; which the Bluffton Hospital Administrative staff condoned and were aware of; has resulted in the continued

physical and mental harm to this plaintiff and to Dr. Tarlton his-self and possibly others if left to continue medical practice without mental health intervention.

As a simple question of would Dr. Tarlton deny an individual a shot from an epiPen if they came into the ER under a chronic medical emergency of unknown etiology and would the Administration over-rule that kind of asinine behavior to a life saving procedure even if the hospital had to send a patient to another ER as required under the EMTALA?

Therefore Dr. Tarlton without a verifiable articulable just medical reason or foundation that would apply to a 70 year old man who is under a chronic medical emergency room condition of unknown etiology and is on a prescribed medicine which fails from time to time; intentionally denied and therefore failed to provide life saving "stabilizing medical treatment" of prednisone to this petitioner according the articles of EMTALA; as well as the Hospital Administrative staff services conspired refusal to provide "stabilizing treatment" to this plaintiff/patient present that Dr. Tarlton and the administrative staff at Bluffton Hospital knowingly and intentionally withheld a life saving medicine without medical just cause which resulted in continued mental and physical harm to this plaintiff in violation of his U.S. Constitutional rights to treatment pursuant to EMTALA.

Dr. Tarlton's refusal to treat without stating a verifiable articulable just medical ground or cause as to why prednisone; a drug that has not been issued in almost a year by his own words to this plaintiff on 5/22/2023; and is a life saving drug would be denied to this plaintiff and of which the denial of continuously jeopardized the patient's life, health and welfare from the possibility of the sudden onset of anaphylaxis shock, objectively

6

presents that he is no longer mentally capable of practicing medicine and has caused harm; physical and mental to this plaintiff. Dr. Tarlton's actions and or lack of today go directly against his medical oath to protect life and the rules and guidelines set forth in EMTALA.

Dr. Tarlton's actions or lack thereof on the date of May 22, 2023 illustrate that he has some form of mental issue that is clouding and impairing his judgment to such a degree that he has created more harm to this plaintiff of which the Hospital is complicit and aware of, and has now interfered with his ability to provide sound medical services to this plaintiff or the community in general. As the side effects of prednisone are not immediately life-threatening converse to anaphylaxis shock from an etiology of unknown origin of this plaintiff's condition and could cause death. In other words I could have died from my immediate situation and condition faster than any adverse reaction of being given prednisone, which can take years to have side effects, and Dr Tarlton knew this medical fact when he denied treatment. Just as the Bluffton Hospital Administrative staff knew this medical fact and should have known and taken action to remove Dr Tarlton from my case or send this plaintiff/patient to another ER instead of just trying to discharge the plaintiff/patient without stabilizing treatment. Which is a medical fact that objectively illustrates that Dr Tarlton's judgment is so impaired that he cannot chose a life saving pharmacological drug therapy for this plaintiff versus intentional non-treatment that could have resulted in death had the plaintiff not received medical services on his own at another facility; and the Bluffton Hospital Administrative staff also knew these facts.

7

Therefore Dr Tarlton's immediate suspension and eventual license removal if warranted from medical practice would be due and appropriate to protect this plaintiff and the public in general until a complete investigation into his mental health has been determined by the appropriate medical authorities outside of the Lutheran Medical Hospital Network region, that way no prejudice can be asserted by either side in a mental evaluation.

This petitioner states that until this court reviews a completed mental health evaluation of Dr. Tarlton to determine if he is fit to practice medicine there is an extremely high risk that Dr. Tarlton will again harm others or himself by denying a stabilizing medical treatment and doing something medically wrong again such as his acts of today to stabilize this plaintiff. As Dr. Tarlton's acts of today illustrate that under a medical emergency where all the circumstances were known to him he got it all wrong and of which the Bluffton Indiana Hospital Administrative staff condoned due to a failure to be instructed or trained by defendant Brent Parson, which resulted in continued pain and suffering of this plaintiff with no just medical cause and were acts in violation of EMTALA.

While in converse this plaintiff asserts that under any premise including that Dr. Tarlton may have a God complex; or he is suffering from some sort of mental incompetency and deterioration, which are acts that were condoned by the Bluffton Indiana Hospital Administrative staff, are also harmful to the community, and have caused and continued to cause great bodily and mental harm to this plaintiff by his refusal to treat than by the actual treatment itself, and therefore requires that he be mentally

8

evaluated for competence before someone dies under his care and the hospital staff condones his behaviors again.

As the opinion from a lot of people I have spoke with while waiting on a doctor appointment; is that they have come to believe that medical doctors have developed a God complex nowadays and having such a complex in and of itself is an indication of extreme narcissism; which is a personality and mental disorder and are acts which has caused this plaintiff physical and mental harm and may cause others if left untreated such has transpired today with this plaintiff by Dr. Tarlton's acts. While in contrast with any premised position being presented for evaluation of Dr. Tarlton's acts by this Honorable Court lays a foundation that neither Dr. Tarlton nor the Bluffton Indiana Hospital Administrative staff has acted in good faith for the medical protection of this plaintiff's life or the community in general as they have violated the standards set forth in the EMTALA. Therefore Dr Tarlton's acts of 5/22/2023 towards this plaintiff cannot be defined in any way other than mentally incompetent, narcissistic or he has a God complex resulting in mental and physical harm to this plaintiff which the Bluffton Indiana Hospital has conspired to condone such behaviors. Therefore the plaintiff petitions that Dr. Tarlton be ordered to have a mental health evaluation.

**RELIEF REQUESTED:**

This plaintiff petitions prays and or demands that defendant Dr. Tarlton pay in punitive damages (1) one million dollars and (1) one million dollars in actual damages for the mental and physical harm he has done this plaintiff by his refusal to treat this plaintiff in violation of the grounds so set forth in this complaint and petition for a mental evaluation of defendant Dr. Tarlton.

9

That defendant Bluffton Indiana Hospital Administration CEO Brent Parson as the responsible party for the lack of training or instruction in his administrative staff that has created for the continued mental and physical harm they have done to this plaintiff by their refusal to remove Dr. Tarlton from my case when they knew his decision to not treat or send the plaintiff/patient to another ER pursuant to the rules of the EMTALA could cause death or permanent harm and damage in punitive damages of (2) two million dollars and (2) two million dollars in actual damages in this case and a injunction against defendant Brent Parson that the Bluffton Indiana Hospital Administration order that Dr. Tarlton be denied medical privileges to practice at any Lutheran Health Network facility; as they had a duty to protect this plaintiff and the community in general to do no harm to anyone they provide medical services to under EMTALA and then failed in that duty/responsibility.

David W. Nail
709 Lancaster Street
Bluffton, Indiana, 46714
Phone: 260-237-3322,

May 30-2023

Monday, May 22, 2023

davidnail48@yahoo.com

10

UNTIED STATES DISTRICT COURT

Proof of Service:

On the date signed below I the plaintiff David W. Nail in this case did send to the U.S. District Court Clerk the affidavit to file as an indigent person along with a Constitutional challenge to a Indiana State law as well as a complaint along with the summons in a civil action against Scott Lee Tarlton and Brent Parson.

*[Signature: David W. Nail]*                     May 30-2023

David W. Nail                                    Monday, May 22, 2023
709 Lancaster Street
Bluffton, Indiana, 46714
260-237-3322,                                    davidnail48@yahoo.com

                                                 6/12/2023