UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID W. NAIL, ) | |
| ) | |
| Plaintiff, ) | Cause No. 1:23-CV-247-HAB-SLC |
| ) | |
| v. ) | |
| ) | |
| SCOTT LEE TARLTON and BRENT ) | |
| PARSON ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

*Pro se* Plaintiff, David W. Nail, filed suit asserting that the defendants violated the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. §1395dd, when they did not provide stabilizing and life-saving treatment for him when he was a patient at Bluffton Indiana Regional Medical Center. (ECF No. 1). With that filing, the flood gates opened…

Defendant, Scott Tarlton ("Tarlton"), moved to dismiss the Complaint (ECF No. 10) and filed a "Statement in Opposition to Plaintiff's Constitutional Challenge" (ECF No. 12).[1] Defendant also sent Plaintiff non-party requests and subpoenas prior to the Rule 16 pretrial conference, see Fed. R. Civ. P. 26 (f), which sparked a motion to quash from Plaintiff and a supporting memorandum (ECF Nos. 13-14). And the filings kept on coming – some of them TWICE! (ECF No. 16 – noting duplicate entries filed of ECF Nos. 13, 14, and 15). And still more – filings to "cease and desist" (ECF No. 15); an objection to Tarlton's Motion to Dismiss, supporting brief and affidavit (ECF Nos. 17-19); a second Motion to Dismiss and brief in support, this time by

---

[1] This filing appears responsive to an exhibit Nail attached to his complaint discussing the constitutionality of Indiana's Medical Malpractice Act (IMMA). However, the Court is uncertain from the complaint whether Nail is challenging the Act's constitutionality. From the Court's observation, Nail seeks relief solely under EMTALA but Nail can resolve all doubt by clearly articulating his claims in his amended complaint.

Defendant Parson (ECF No. 21); a response to the motion to quash (ECF No. 23), a reply to Tarlton's Motion to Dismiss (ECF No. 24), a Rule 12(f) Motion to Strike (ECF No. 25), a Petition to Release Brent Parson from the case and correct the caption (ECF No. 26), a letter and a response to the letter (ECF Nos. 27-28), an objection to claim of insufficient service of process to Bluffton Regional Medical Center (ECF No. 29), a surreply to Tarlton's Motion to Dismiss and a request from Tarlton to strike it (ECF No. 31-32), and mercifully, the latest filing Tarlton's request for a motion hearing (ECF No. 33). Phew! And that was just the month of August!

By the looks of the above paragraph, this case involves complex litigation. Sadly, it does not. What it is, so far, is a cluster of chaos, confusion, and clutter. For this reason, the Court is pressing pause. The Court construes the Plaintiff's petition to release Brent Parson from the case to be a request to amend his complaint. That request is GRANTED (ECF No. 26). Plaintiff is granted until September 22, 2023, to file an amended complaint in which he names all the individuals/entities he intends to sue and sets forth a short and plain statement of the facts of any claims he intends to assert in this lawsuit. The CLERK is DIRECTED to mail to the Plaintiff a copy of this Court's "Civil Complaint Form" along with the above case number to help Plaintiff file an appropriate amended complaint compliant with the Federal Rules of Civil Procedure.

In the meantime, discovery is STAYED until the Plaintiff files his Amended Complaint and the parties proceed to a Fed. R. Civ. P. 16 pretrial conference or until further court order authorizes discovery. The Motion to Quash (ECF No. 13) is DENIED as MOOT. ANY further briefing on any motion is STAYED and the motions to dismiss (ECF Nos. 10 and 21) remain under advisement. Upon the Plaintiff's filing of the amended complaint, the Motions to Dismiss will be DENIED as MOOT because an amended complaint supersedes the original complaint and controls the case from its filing forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). The

Motion for Hearing and the Rule 12(f) Motion to Strike are DENIED (ECF Nos. 32-33). This gets the case back to square one.

  SO ORDERED on August 30, 2023.

                s/ *Holly A. Brady*
                CHIEF JUDGE HOLLY A. BRADY
                UNITED STATES DISTRICT COURT