UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID W. NAIL, ) | |
| ) | |
| Plaintiff, ) | Cause No. 1:23-CV-247-HAB-SLC |
| ) | |
| v. ) | |
| ) | |
| BLUFFTON REGIONAL MEDICAL ) | |
| CENTER (BRMC), BRMC CAO JULIE ) | |
| THOMPSON, and SCOTT L. TARLTON ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Here we go again.

*Pro se* Plaintiff, David W. Nail, filed suit asserting that the defendants violated the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. §1395dd, when they did not provide stabilizing and life-saving treatment for him when he was a patient at Bluffton Indiana Regional Medical Center. (ECF No. 1). Shortly after, the flood gate of filings opened up forcing the Court to enter an Order directing the parties to close it down. (Amended Opinion and Order, ECF No. 35). The Court stayed discovery, directed the Plaintiff to file an amended complaint and denied all other pending motions. The Plaintiff promptly filed his Amended Complaint (ECF No. 36).

But the Amended Complaint did nothing more than cause a repeat of exactly what this Court was trying to avoid. Defendant, Scott Tarlton, through counsel, filed a Motion to Dismiss, supporting memorandum, and a motion for hearing (ECF Nos. 41–43). Nail filed a response to the Motion to Dismiss, supporting memorandum and a motion for sanctions (ECF Nos. 44–46). Tarlton filed a reply to the motion to dismiss (ECF No. 47) and a response to the motion for sanctions (ECF No. 48). So far so good. But then Nail filed what he called a "response to Tarlton's

Cross Claims made in dockets 47 and 48." To the Court, this appears to be what lawyers call a surreply to the motion to dismiss and a reply to the motion for sanctions (ECF No. 49). But the Court is cognizant that Nail is not a lawyer and can grant him some grace. Nonetheless, Defendant moved to strike ECF No. 49 as an unauthorized pleading and filed yet another motion for hearing (that makes 3 requests for a hearing!) (ECF Nos. 33, 52, 53). All told, in less than a month, this Court has received 5 motions from the parties, 4 of them from one Defendant. Before the Court receives any more filings, it is once again pressing pause.

This Court has an active criminal docket of over 100 cases and 350 civil cases at any given time to manage. So, to make it absolutely clear to the parties, briefing on BOTH the motion to dismiss and the motion for sanctions is CLOSED. The Court construes liberally the *pro se* Plaintiff's filing at ECF No. 49 to be an attempt to reply to the motion for sanctions. To the extent the filing is an attempt at a surreply to the motion to dismiss, the Court will not consider that information in its order on the Motion to Dismiss.

The Motion to Strike (ECF No. 52) is DENIED. Both motions for hearing (ECF Nos. 43, 53) are DENIED.[1] Discovery remains stayed pending the Court's Order on the Motion to Dismiss.

SO ORDERED on October 24, 2023.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] This Court does not routinely grant hearing requests on motions to dismiss unless the Court believes it is warranted from the briefing. If the Court, when it reviews the pending motions, desires a hearing, it will schedule one.