UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID WILLIAM NAIL, | |
| Plaintiff, | |
| v. | Case No. 1:23-CV-00247-GSL-SLC |
| SCOTT LEE TARLTON, et al., | |
| Defendants. | |

## OPINION AND ORDER

This Court previously dismissed Plaintiff's claims in this case [DE 67] and the Clerk entered the judgment [DE 70] on July 30, 2024. Since then, the Court has received four more filings from Plaintiff. [DE 72], [DE 73], [DE 74], and [DE 75]. These filings relate to two new motions: a motion to remove the presiding judge from the case [DE 72] and a motion for reconsideration of the Court's dismissal order [DE 74]. For the reason discussed below, Plaintiff's motions are denied.

### A. Motion to Remove the Judge

The statutory grounds for a judge to remove or disqualify herself is when "[her] impartiality might reasonably be questioned." 28 U.S.C.A § 455(a). In addition, a judge must recuse herself if "[she] has a personal bias or prejudice concerning a party." § 455(b)(1). In other words, recusal is required when there is a reasonable basis for finding an appearance of partiality or upon a showing of actual bias. *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir. 1985); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510

U.S. 540, 555 (1994). Instead, judicial rulings may provide grounds for appeal, not recusal. *Id.* Such is the case here.

None of the arguments that Plaintiff asserts are grounds for disqualification of the judge. In the instant motion, Plaintiff argues that the Court used the wrong standard of review, incorrectly applied caselaw to the facts of the case, misinterpreted or misstated the facts of the case, mischaracterized Plaintiff's conduct, and otherwise improperly evaluated Plaintiff's claims. [DE 72]. None of these arguments support a finding of actual bias or an appearance of partiality by the judge, but rather suggests only that Plaintiff disagrees with the Court's analysis and conclusion. In additional briefing, Plaintiff repeats these arguments, and also asserts that "ex parte communications may have taken place between the court and the defendants." [DE 75, page 3]; *see* [DE 73]. Plaintiff supports this assertion by stating that the Factual Background section in the Court's order [DE 67] just "come[s] out of nowhere." [DE 75, page 3].

After carefully considering all of Plaintiff's arguments, the Court find that Plaintiff's arguments are improper grounds for judicial recusal and denies Plaintiff's request for a new judge. *See* Charles Gardner Geyh & Kris Markarian, JUDICIAL DISQUALIFICATION: AN ANALYSIS OF FEDERAL LAW (3rd ed. 2020).

**B. Motion for Reconsideration**

Under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). Plaintiff's Motion for Reconsideration [DE 74] is timely.

Plaintiff, pursuant to Rule 59(e), moves for reconsideration of the Court's order [DE 67] that dismisses Plaintiff's claims.[1] [DE 74]. "Relief under Rules 59(e) and 60(b) are extraordinary

---

[1] Plaintiff's motion for reconsideration references both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. [DE 74]. The difference in the application of these two rules is primarily one of timing. *See United*

2

remedies reserved for the exceptional case . . . ." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir.2012)).

In the instant motion, Plaintiff argues that the Court incorrectly applied the standard of review, that the Court was biased and prejudiced, that the Court's decision was arbitrary and capricious, and that the Court attacked Plaintiff's character. [DE 74]. Plaintiff does not present any newly discovered evidence, nor demonstrate that the Court committed any manifest error of law or fact to warrant reconsideration. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997)). For these reasons, Plaintiff's Motion for Reconsideration is denied.  If Plaintiff chooses to contest the Court's final order, the proper course of action is to appeal.

---

*States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Since the instant motion was served within 28 days of the rendition of judgment, the motion falls under the scope of Rule 59(e), not Rule 60(b). *See id.*

3

## **CONCLUSION**

For these reasons, the Court DENIES both Plaintiff's motion to remove the judge [DE 72] and Plaintiff's motion for reconsideration [DE 74]. Plaintiff has 30 days from the date of this order to appeal the judgment of this case. Fed. R. App. P. 4(a)(4)(A).

SO ORDERED.

ENTERED: August 16, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court